IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONCORD COMMUNITIES, L.P., et al.

    Petitioners,

v.

THE CITY OF CONCORD, et al.

    Respondents,

and

TENANTS RESIDING AT ADOBE MOBILE LODGE AND DIABLO MOBILE LODGE,

    Real Parties in Interest.
_____/

No. C 05-04094 JSW

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS OR STAY**

Now before the Court is the motion to dismiss or stay filed by Respondents. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for February 24, 2006 is VACATED. Having carefully considered the parties' arguments and the relevant legal authority, the Court GRANTS the motion to dismiss.

## BACKGROUND

In October 1994, the City of Concord (the "City") adopted a mobilehome ordinance which limits the rents that may be charged. (Respondents' Request for Judicial Notice ("RJN"), Ex. 6.)[1] Petitioners purchased two mobilehome parks in Concord in 1993 and have been

---

[1] The Court GRANTS the Respondents' requests for judicial notice. Fed. R. Evid. 201.

seeking, but have not been allowed, to increase the rents charged to what Petitioners contend are market rates. (Amended Pet., ¶¶ 13, 17, 22, 23.) In 1997, Petitioners filed petitions in state court challenging the City's decision regarding Petitioners' desired rent increases. (RJN, Exs. 1, 2.) The Superior Court denied the petitions, but was reversed on appeal. *See Concord Communities, L.P. v. City of Concord*, 91 Cal. App. 4th 1407, 1410 (2001). The California Court of Appeal found that the City's decision was not supported by substantial evidence and that "base-year rents" in the ordinance were below rents at comparable mobilehome parks. Thus, the court directed the Superior Court to issue writs of mandamus ordering the City to vacate and reconsider its decision regarding Petitioners' desired rent increases. *See Concord Communities*, 91 Cal. App. 4th at 1414-20. On remand, the Superior Court issued writs ordering the City to determine what a fair return on investment would be. (RJN, Exs. 3, 4.) The Court ordered the City to file a return to the writs by December 1, 2002. (*Id.*) The City conducted further proceedings pursuant to the writs and filed the required returns in Superior Court on October 3, 2005. (*Id.*, Exs. 9, 10.) The Superior Court has not yet taken action on the returns. No final judgment has been entered in either of the state court actions filed by Petitioners. (*Id.*, Exs. 11, 12.)

On October 11, 2005, Petitioners filed the instant action in federal court. Petitioners filed an amended petition on December 22, 2005 asserting a claim for an administrative mandate pursuant to California Code of Civil Procedure § 1094.5 challenging the City's conduct in the further proceedings and asserting 42 U.S.C. § 1983 claim challenging the City's mobilehome ordinance as unconstitutional, facially and as applied, in violation of the due process, takings, and equal protection clauses of the United States Constitution. On November 18, 2006, Petitioners filed another petition for a writ of administrative mandate in state court based on the City's conduct in the further proceedings. Petitioners characterize their most recent petition as a "protective" action to preserve their claims and assert that they do not wish to litigate this petition. (Opp. at 4.)

**ANALYSIS**

Respondents move to dismiss the amended petition in this matter on several grounds, including that the Court should abstain from adjudicating this matter pursuant to the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (internal quotations omitted). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted). If the *Younger* doctrine applies, the Court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

The Court finds that all three prongs of the *Younger* test are satisfied here. First, the state court actions filed by the Petitioners in 1997 and most recently in 2005 are currently pending. The Court finds unavailing Petitioners arguments that the actions filed in 1997 were terminated when the City filed its returns. The Superior Court has not yet entered a final judgment in the 1997 actions or yet determined that writs it issued were complied with and may be discharged. *See County of Inyo v. City of Los Angeles*, 124 Cal. App. 3d 1, 14-15 (1981) (holding that the city's return to the writ of mandate issued failed to comply with the writ and maintaining jurisdiction to enforce the writ until it was fully satisfied.); *see also Kings v. Woods*, 144 Cal. App. 3d 571, 578 (1983) (a "court which issues a writ of mandate retains continuing jurisdiction to make any orders necessary and proper for the complete enforcement of the writ.") (internal quotations and citation omitted). Thus, the Court concludes that the state actions filed in 1997 are still pending.

Even assuming *arguendo* that the petitions filed in 1997 are no longer pending, Petitioners filed a new state court action in 2005 which is currently pending. The Court finds similarly unavailing Petitioners argument that the action filed in 2005 should be disregarded

because it was filed after the federal action and is merely a "protective" action. The fact that the petition in state court was filed a month after this action was filed in federal court is not controlling for purposes of the *Younger* doctrine. *See M&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005) ("federal courts must defer even to state court proceedings that are filed *after* the federal action) (emphasis in original) (citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). The key issue is not the filing date of the federal action, but rather, the date when substantive proceedings in the federal action begin. *Id*. at 1039. Here, the litigation is in the early stages. Respondents have just filed a motion to dismiss. Substantive proceedings have not yet begun. Characterizing the state court petition filed in 2005 as a "protective" action also does not assist Petitioners. "It makes no difference what stage the state-court proceedings are at: what matters is that the existence of a pending state-court action unmistakably signals the state's willingness and readiness to adjudicate the dispute." *Id*. at 1040 (rejecting plaintiffs argument that federal courts should ignore state-court proceedings that have not yet adjudicated the substance of the dispute). Thus, the Court also concludes that the petition filed in 2005 is pending for purposes of the *Younger* doctrine.

Next, the Court must determine whether the state court actions implicate important state interests. *See Delta Dental Plan*, 139 F.3d at 1294. Petitioners do not contest that the state court actions meet this requirement. The state court actions concern the City's land use regulation which is an important state interest. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001) (finding a city had a strong interest its land-use ordinance satisfying the second prong of the *Younger* test); *see also Mission Oaks Mobile Home Park v. City of Hollister,* 989 F.2d 359, 361 (9th Cir.1993) ("California has a substantial interest in enforcing and considering the constitutionality of mobilehome park rent control ordinances"), *overruled on other grounds by Green v. City of Tucson,* 255 F.3d 1086 (9th Cir.2001). Thus, the Court finds that the second prong of the *Younger* test has been satisfied.

Finally, the Court must address whether the state proceedings provide an adequate opportunity to raise federal questions. *See Delta Dental Plan*, 139 F.3d at 1294. Petitioners

4

argue that the state proceedings will not provide an adequate remedy because of the standards California courts apply with respect to its "fair return" claims pursuant to the Due Process Clause. (Opp. at 2.) Specifically, Petitioners challenge the practice established by the California Supreme Court in *Kavanau v. Santa Monica Rent Control Board*, 16 Cal. 4th 761, 784 (1997), of requiring current tenants at a rent controlled property to pay "back rents" owed as a result of rent control proceedings on "fair return" claims. (Opp. at 12-13.) Petitioners also argue that the California courts' application of the "substantial evidence" test in reviewing constitutional "fair return" claims will deprive Petitioners of due process. (*Id*. at 13.) However, Petitioners' substantive due process claim alleging that they have been deprived of a "fair return" on their investments is preempted by the takings clause under the rule set forth in *Graham v. Connor*, 490 U.S. 386 (1989), that a plaintiff cannot bring a claim for violation of substantive due process where another amendment provides an explicit textual source of protection against the type of government conduct at issue. *See Amendariz v. Penman*, 75 F.3d 1311, 1318-19 (9th Cir. 1996) (finding substantive due process claim preempted by takings clause); *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 949 (9th Cir. 2004) ("substantive due process claims based on governmental interference with property rights are foreclosed by the Fifth Amendment's Takings Clause"). Thus, because Petitioners cannot bring a substantive due process claim for a denial of a "fair return," their argument of inadequacy becomes moot. The Court concludes that any claims Petitioners would be allowed to bring in federal court could be litigated in the state proceedings. Accordingly, all three prongs of the *Younger* test have been satisfied. The Court therefore will abstain from adjudicating Petitioners' claims in this matter. To the extent Petitioners seek equitable relief, their claims are dismissed without prejudice. To the extent Petitioners seek damages, their claims are stayed pending completion of all state court proceedings. *See Gilbertson*, 381 F.3d at 968. Because the Court is abstaining from adjudicating Petitioners' claims, the Court also dismisses Petitioners' state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

**CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss is GRANTED. To the extent Petitioners seek equitable relief, their claims are dismissed without prejudice and to the extent they seek damages, Petitioners' claims are stayed pending completion of the state court proceedings. Moreover, Petitioners' state-law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

The Court HEREBY ORDERS the parties to submit a joint status report regarding the state court proceedings every 120 days until the stay in this case is lifted.

**IT IS SO ORDERED.**

Dated: February 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE